UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 06-323
                                            Civil No. 08-5055

JOSEPH T. PAYNE                              SECTION "C"

ORDER AND REASONS

This matter comes before the Court on motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed by Joseph Payne ("Payne"). Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion should be denied for the following reasons.

After trial on the merits on June 18, 2007, Payne was convicted of one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). He was sentenced to 41 months imprisonment on September 19, 2007. A notice of appeal was filed on September 21, 2007, and the conviction and sentence were affirmed by the

1

United States Court of Appeals for the Fifth Circuit on August 19, 2008, and issued as mandate on September 10, 2008. This motion was filed on November 20, 2008, in a timely manner. Payne challenges his sentence on four grounds based on ineffective assistance of counsel, allegedly in violation of his Fifth Amendment due process rights, in violation of his Sixth Amendment due process rights, because of counsel's conflict of interest and in violation of his Ninth Amendment rights. The government opposes the motion.

**Strickland**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A defendant seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. *See id*. at 697.

To prevail on the deficiency prong, defendant must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*,

2

466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). Defendant must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

The appropriate standard for determining prejudice varies slightly depending on whether the defendant is challenging the actions of trial or appellate counsel. In order to prove prejudice with respect to trial counsel, defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett*, 796 F.2d at 793. In order to prove prejudice with respect to a claim that appellate counsel was ineffective, a defendant must show a reasonable probability that he would have prevailed on appeal but for his counsel's deficient representation. Briesno v. Cockrell, 274 F.3d 204, 207 (5th Cir. 2001); *see*

3

*also Smith v. Robbins*, 528 U.S. 259, 286 (2000).  Therefore, defendant must demonstrate a reasonable probability that, if appellate counsel's performance had not been deficient in the manner claimed, the appellate court would have vacated or reversed the trial court judgment based on the alleged error.  *Briesno*, 274 F.3d at 210.

Defendant bears the burden of proof when asserting an ineffective assistance of counsel claim.  Defendant "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).  If a court finds that defendant has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong.  *Strickland*, 466 U.S. at 697.

**Ineffective assistance of counsel**

The defendant is unable to articulate any coherent basis for an ineffective of assistance claim.   The Court notes, as did the Fifth Circuit on direct appeal, that trial counsel did not renew the motion for judgment of acquittal at the close of evidence.  The Fifth Circuit held that the evidence presented at trial was not so lacking as to make his conviction shocking.    This Court finds that there was ample evidence to support the defendant's conviction at trial, and that the failure to renew the motion at the end of

trial would have produced no different result with regard to the jury's verdict, with regard to the result on direct appeal, and with regard to this motion. The defendant's bald allegations fail to establish either prong of the *Strickland* test.[1]

Accordingly,

IT IS ORDERED that the motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed by Joseph T. Payne is DENIED.

New Orleans, Louisiana, this 16th day of November, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] The government argues in brief that the defendant is procedurally barred from raising the claims made herein. However, it would appear "that failure to raise an ineffective-assistance of counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under §2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003)